**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BFFL CO, LLC, a New York Limited Liability Company,<br><br>*Plaintiff & Counter-Defendant*,<br><br>v.<br><br>CAREANDWEAR II, INC., a Delaware Corporation,<br><br>*Defendant & Counterclaimant*. | Case No. 25-4652 (CM)<br><br>**ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, & COUNTERCLAIMS FOR CANCELLATION**<br><br>**(JURY DEMAND)** |

Defendant CareandWear II, Inc. ("Care+Wear" or "Defendant"), by and through counsel, hereby answers the Complaint (ECF No. 1) filed by Plaintiff BFFL Co, LLC ("BFFL" or "Plaintiff") as follows:

Answering the first unnumbered Paragraph of the Complaint, Care+Wear is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same, including the argumentative assumption that Plaintiff is entitled to any relief.

## THE PARTIES

1. Answering Paragraph 1 of the Complaint, Care+Wear is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

2. Answering the first sentence of Paragraph 2 of the Complaint, Care+Wear is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same. Answering the second sentence of Paragraph 2 of the Complaint, Care+Wear denies that BFFL's post-surgical bras are subject to several federally registered trademarks. The United States Trademark Registration Certificates attached as Exhibits A and B

to the Complaint speak for themselves. Care+Wear states that the United States Trademark Registration at Exhibit A to the Complaint is the subject of Care+Wear's counterclaims for cancellation herein. Care+Wear further states that the United States Trademark Registration at Exhibit B to the Complaint includes an express disclaimer: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'PINK SURGICAL BRA', APART FROM THE MARK AS SHOWN."

3. Answering Paragraph 3 of the Complaint, Care+Wear denies each and every allegation.

4. Answering Paragraph 4 of the Complaint, Care+Wear denies each and every allegation.

5. Answering Paragraph 5 of the Complaint, Care+Wear denies each and every allegation.

6. Answering Paragraph 6 of the Complaint, Care+Wear admits the allegations.

7. Answering Paragraph 7 of the Complaint, Care+Wear denies each and every allegation.

8. Answering Paragraph 8 of the Complaint, Care+Wear denies each and every allegation. The images at Exhibit C speak for themselves.

## JURISDICTION AND VENUE

9. Answering Paragraph 9 of the Complaint, Care+Wear states that the allegations are statements of law, not allegations of fact, and as such do not require a response. To the extent a response is required, Care+Wear denies any factual allegation implied in Paragraph 9 of the Complaint, including that BFFL had grounds to bring this case or is entitled to any relief.

10. Answering Paragraph 10 of the Complaint, Care+Wear admits that this Court has subject matter jurisdiction and supplemental jurisdiction over this matter. Except as expressly admitted, Care+Wear denies any factual allegation implied in Paragraph 10 of the Complaint.

11. Answering Paragraph 11 of the Complaint, Care+Wear admits that this Court has personal jurisdiction over Care+Wear and that Care+Wear has a principal place of business within this District. Except as expressly admitted, Care+Wear denies that it committed tortious acts, including any acts within this District, and further denies any factual allegation implied in Paragraph 11 of the Complaint.

12. Answering Paragraph 12 of the Complaint, Care+Wear admits that venue is proper in this District.

## FACTUAL BACKGROUND

13. Answering Paragraph 13 of the Complaint, Care+Wear denies that Dr. Elizabeth Chabner "produced her line of surgical bras in an identifiable shade of Pink color" and denies that the purported "Elizabeth Pink Surgical Bra" is in a "signature color Pink." Except as expressly denied, Care+Wear is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same. The figures embedded in Paragraph 13 of the Complaint speak for themselves.

14. Answering Paragraph 14 of the Complaint, Care+Wear denies that BFFL has any valid "Pink Property Rights." Except as expressly denied, Care+Wear is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies same.

15. Answering Paragraph 15 of the Complaint, Care+Wear denies each and every allegation.

16. Answering Paragraph 16 of the Complaint, Care+Wear denies each and every allegation.

17. Answering Paragraph 17 of the Complaint, Care+Wear admits that United States Trademark Registration No. 7726791 issued on March 18, 2025, and that the description of the mark is as follows: "The mark consists of the color pink as applied to the entire surface of the post-surgery medical bras. The broken lines in the drawing are intended to represent the position of the mark, and are not part of the mark." Care+Wear admits that the United States Patent and Trademark Office ("USPTO") Examining Attorney initially refused registration on a variety of grounds. Except as expressly admitted, Care+Wear denies each and every allegation.

18. Answering Paragraph 18 of the Complaint, Care+Wear denies each and every allegation.

19. Answering Paragraph 19 of the Complaint, Care+Wear denies each and every allegation. The United States Trademark Registration Certificate attached at Exhibit B to the Complaint speaks for itself. Care+Wear further states that the United States Trademark Registration at Exhibit B to the Complaint includes an express disclaimer: "NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE 'PINK SURGICAL BRA', APART FROM THE MARK AS SHOWN."

20. Answering Paragraph 20 of the Complaint, Care+Wear admits that it offers post-surgical bras. Except as expressly admitted, Care+Wear denies each and every allegation.

21. Answering Paragraph 21 of the Complaint, Care+Wear denies each and every allegation.

22. Answering Paragraph 22 of the Complaint, Care+Wear admits that it has no connection or affiliation with BFFL. Except as expressly admitted, Care+Wear denies each and

every allegation, including the argumentative assertion that Care+Wear needs any authorization by BFFL in the first place.

23. [Omitted in Complaint]

**FIRST CAUSE OF ACTION – WILLFUL TRADEMARK INFRINGEMENT**

24. Answering Paragraph 24 of the Complaint, Care+Wear hereby incorporates its responses to the allegations in Paragraphs 1 through 23 of the Complaint, as set forth above.

25. Answering Paragraph 25 of the Complaint, Care+Wear denies each and every allegation.

26. Answering Paragraph 26 of the Complaint, Care+Wear denies each and every allegation.

27. Answering Paragraph 27 of the Complaint, Care+Wear denies each and every allegation.

**SECOND CAUSE OF ACTION – WILLFUL TRADE DRESS INFRINGEMENT**

28. Answering Paragraph 28 of the Complaint, Care+Wear hereby incorporates its responses to the allegations in Paragraphs 1 through 27 of the Complaint, as set forth above.

29. Answering Paragraph 29 of the Complaint, Care+Wear denies each and every allegation.

30. Answering Paragraph 30 of the Complaint, Care+Wear denies each and every allegation.

31. Answering Paragraph 31 of the Complaint, Care+Wear denies each and every allegation.

32. Answering Paragraph 32 of the Complaint, Care+Wear denies each and every allegation.

**THIRD CAUSE OF ACTION – FEDERAL UNFAIR COMPETITION**
**(Federal Unfair Competition and False Designation of Origin – Lanham Act § 43(a))**

33. Answering Paragraph 33 of the Complaint, Care+Wear hereby incorporates its responses to the allegations in Paragraphs 1 through 32 of the Complaint, as set forth above.

34. Answering Paragraph 34 of the Complaint, Care+Wear denies each and every allegation.

35. Answering Paragraph 35 of the Complaint, Care+Wear denies each and every allegation.

36. Answering Paragraph 36 of the Complaint, Care+Wear denies each and every allegation.

37. Answering Paragraph 37 of the Complaint, Care+Wear denies each and every allegation.

38. Answering Paragraph 38 of the Complaint, Care+Wear denies each and every allegation.

**FOURTH CAUSE OF ACTION – STATE UNFAIR COMPETITION**
**(Common Law Unfair Competition)**

39. Answering Paragraph 39 of the Complaint, Care+Wear hereby incorporates its responses to the allegations in Paragraphs 1 through 38 of the Complaint, as set forth above.

40. Answering Paragraph 40 of the Complaint, Care+Wear denies each and every allegation.

41. Answering Paragraph 41 of the Complaint, Care+Wear denies each and every allegation.

42. Answering Paragraph 42 of the Complaint, Care+Wear denies each and every allegation.

43. Answering Paragraph 43 of the Complaint, Care+Wear denies each and every allegation.

44. Answering Paragraph 44 of the Complaint, Care+Wear denies each and every allegation.

45. Answering Paragraph 45 of the Complaint, Care+Wear denies each and every allegation.

46. Answering Paragraph 46 of the Complaint, Care+Wear denies each and every allegation.

47. Answering Paragraph 47 of the Complaint, Care+Wear denies each and every allegation.

Responding to BFFL's Prayer for Relief in the Complaint, including Paragraphs A through I, Care+Wear denies each and every allegation contained therein and denies that BFFL is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

Care+Wear sets forth below its affirmative defenses. By setting forth these affirmative defenses, Care+Wear does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to BFFL. As separate and distinct affirmative defenses, Care+Wear alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

BFFL's Complaint should be dismissed on the ground that BFFL has failed to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

BFFL's Complaint and claims are barred, precluded, or limited because BFFL's alleged "Pink Color Mark" depicted at Exhibit A to the Complaint is functional, namely, aesthetically functional. *See, e.g.*, 15 U.S.C. §§ 1064(3) & 1115(a) & (b)(8). As such, Care+Wear did not need authorization or approval from BFFL for any of the alleged actions in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

BFFL's Complaint and claims are barred, precluded, or limited because BFFL's alleged "Pink Color Mark" depicted at Exhibit A to the Complaint is generic. *See, e.g.*, 15 U.S.C. §§ 1064(3) & 1115(a). As such, Care+Wear did not need authorization or approval from BFFL for any of the alleged actions in the Complaint.

**FOURTH AFFIRMATIVE DEFENSE**

BFFL's Complaint and claims are barred, precluded, or limited because of the doctrine of fair use, namely, use otherwise than as a trademark. *See, e.g.*, 15 U.S.C. § 1115(b)(4). As such, Care+Wear did not need authorization or approval from BFFL for any of the alleged actions in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

BFFL's Complaint and claims are barred, precluded, or limited because BFFL does not hold valid or enforceable trademarks in the purported "BFFL's Pink Property Rights" as defined in and at issue in the Complaint on which BFFL purports to make its claims.

**SIXTH AFFIRMATIVE DEFENSE**

BFFL cannot demonstrate any likelihood that the public will be confused or misled as to the source of Care+Wear's products, or that Care+Wear's products are associated with, or

endorsed by, BFFL. Thus, no likelihood of confusion is caused by Care+Wear's use of the color pink on certain of its surgical bras.

**SEVENTH AFFIRMATIVE DEFENSE**

BFFL's Complaint and claims are barred, precluded, or limited because there are significant numbers of third-party users of the color pink for bras. Therefore, BFFL's asserted "BFFL's Pink Property Rights" as defined in and at issue in the Complaint are not distinctive, highly diluted, and unworthy of a wide scope of protection.

**EIGHTH AFFIRMATIVE DEFENSE**

BFFL's Complaint and claims are barred, in whole or in part, by the doctrines of estoppel and waiver. BFFL is estopped from bringing its claims because BFFL had actual knowledge of Care+Wear's use complained of in the Complaint as far back as 2022. In fact, BFFL reached out in 2022 to an investor of Care+Wear, asserting ownership of a trademark in the color pink, but took no further action at that time.

**NINTH AFFIRMATIVE DEFENSE**

BFFL's Complaint and claims are barred, precluded, or limited because Care+Wear and BFFL are not direct competitors. In the prosecution of the alleged "Pink Color Mark" depicted at Exhibit A of the Complaint, BFFL asserted that its competitors consist solely of companies that are similarly registered with the FDA Unified Registration and Listing Systems (FURLS) and provide goods that are categorized as HEF breast binders. *See* Exhibit 1 attached to the Counterclaims herein. BFFL then stated it is only "requesting protection in this specific category of goods that the FDA recognizes as HEF breast binders." *See id.* Because Care+Wear is not registered in FURLS and its products do not claim to be HEF breast binders, the parties' products are not competitive, which weighs against a likelihood of confusion.

**TENTH AFFIRMATIVE DEFENSE**
**(Reservation of Rights)**

Care+Wear hereby reserves the right to amend its Answer and reserves any other defenses, at law or in equity, which become applicable after the substantial completion of discovery or otherwise in the course of litigation.

WHEREFORE, Care+Wear prays that the Complaint be dismissed with prejudice and that judgment be entered in favor of Care+Wear and against BFFL, and that Care+Wear be awarded such other and further relief as justice may require.

**CAREANDWEAR II, INC.'S COUNTERCLAIMS FOR CANCELLATION**

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaimant CareandWear II, Inc. ("Care+Wear" or "Counterclaimant"), hereby counterclaims against Plaintiff and Counter-Defendant BFFL Co, LLC ("BFFL" or "Counter-Defendant") and alleges as follows:

**INTRODUCTION**

1. This case addresses whether the color pink that is purportedly covered by BFFL's two color mark registrations on the United States Patent and Trademark Office ("USPTO") Principal and Supplemental Registers for surgical bras is a source identifier (a trademark) or generic and aesthetically functional and thus not capable of functioning as a trademark and not worthy of trademark protection.

2. The pink color covered by BFFL's color mark registrations is not source identifying because there is widespread use of the same or similar color on surgical bras and related apparel, and thus the color pink cannot function as a source identifier and is generic when used on these types of goods.

3. Further, the pink color covered by BFFL's color mark registrations is aesthetically functional because it is aesthetically pleasing to consumers of these types of goods, flatters skin tones, and connotes that the product is for women and, thus, there is a competitive need for others offering surgical bras and related apparel to use the color pink.

4. Indeed, BFFL selected the shade of pink in its alleged color mark for these very reasons; namely, it is "pleasing to the eye and uplifting, looks good on most skin tones, and is associated with femininity (women have always been Masthead's target market)." Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from BFFL's August 19, 2024 Office Action Response.

5. For at least these reasons, Care+Wear seeks cancellation of United States Trademark Registration Nos. 7726791 and 5224829 pursuant to 15 U.S.C. §§ 1064, 1064(3), and 1119 on the basis that the marks are generic and aesthetically functional, and cancellation of United States Trademark Registration No. 7726791 pursuant to 15 U.S.C. §§ 1051, 1052, 1064, 1119, and 1127 on the additional basis that the mark has not acquired distinctiveness and fails to function as a trademark.

**<u>THE PARTIES, JURISDICTION, AND VENUE</u>**

6. Care+Wear is a Delaware corporation with a principal place of business at 40 Exchange Place, Suite 602, New York, New York 10005.

7. Upon information and belief, BFFL is a New York limited liability company with a principal place of business at 200 Summerfield Street, Scarsdale, New York 10583.

8. BFFL does business under the name Masthead.

9. This is an action for cancellation of United States federal trademark registrations under the federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, *et seq*.

10. The Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1338(a), because the counterclaims address federal questions concerning the Lanham Act, 15 U.S.C. §§ 1119 and 1121, and cancellation of federal trademark registrations pursuant to 15 U.S.C. § 1064.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTERCLAIMS

11. Since 2014, Care+Wear has provided innovative products to help bridge the gap between fashion and function for patients and healthcare workers.

12. Care+Wear, alongside leading plastic surgeons, designed a surgical bra to help patients throughout the healing process following mastectomy, lumpectomy, and other reconstructive surgeries.

13. In line with its mission to provide functional and fashionable products, Care+Wear's surgical bra is offered in a leopard print, as well as in various colors, such as nude, black, and pink.

14. Care+Wear began selling its surgical bras in 2018 under various colors and first offered a pink color in September 2022.

15. Several third parties in the same industry as Care+Wear sell pink surgical bras because pink is aesthetically pleasing to consumers, flatters skin tones, and connotes that the product is for women. In fact, there are multiple third parties unaffiliated with BFFL that sell surgical bras in the same or similar pink color. Attached hereto as **Exhibit 2** are true and correct copies of printouts of websites showing third parties selling surgical bras in the same or similar pink color.

16. Consumers of surgical bras are therefore exposed to such goods, under various third-party marks, in the same or similar pink color that BFFL uses for its surgical bra.

17. Outside of the surgical bra area, many companies also use the color pink in connection with women's apparel given the positive attributes associated with this color.

18. Victoria's Secret, for example, uses the color pink extensively in its offerings, including bras, as well as in connection with its VS logo and marketing materials. Victoria's Secret even named its sub-brand PINK (which is a word mark; not a color mark). Attached hereto as **Exhibit 3** are true and correct copies of printouts of Victoria's Secret website and social media accounts.

19. Aside from the surgical bra and apparel industries, pink is frequently used in connection with women-focused causes and events.

20. Since 1982, the organization Susan G. Komen for the Cure has used pink to promote breast cancer awareness, a disease that principally impacts women. Attached hereto as **Exhibit 4** are true and correct copies of printouts of Susan G. Komen's website, products that are sold on this website, and information about the organization.

21. In addition, many protestors in the Women's March on Washington in 2017 wore pink hats as a symbol of solidarity.

22. Pink is also traditionally used at baby showers to celebrate the birth of a girl.

23. Despite the common usage of the color pink for surgical bras, market demand for use of the color pink in connection with women-focused apparel, causes, and events, and general consumer association of the color pink with femininity, BFFL alleges that Care+Wear's use of the color pink for a surgical bra infringes BFFL's purported trademark rights.

24. In its Complaint, BFFL asserts its trademark registration on the Principal Register (U.S. Reg. No. 7726791), for the color pink in connection with "[p]ost-surgical therapeutic breast binders, namely post-surgery medical bras for medical purposes for distribution to hospitals,

surgical centers, physicians' offices" in Class 10 ("Principal Registration"). A true and correct copy of the Certificate of Registration for the Principal Registration is attached as **Exhibit 5**. BFFL claimed acquired distinctiveness in the alleged color mark in the Principal Registration.

25. A trademark registered on the Principal Register based on acquired distinctiveness is an acknowledgement that the term is not inherently source identifying but may have achieved secondary meaning (acquired distinctiveness) for its offerings. The burden of demonstrating that a color mark has acquired distinctiveness is substantial and therefore difficult to meet.

26. BFFL also owns a trademark registration on the Supplemental Register (U.S. Reg. No. 5224829), for the same color pink in connection with "[u]ndergarments designed for patients undergoing radiation therapy; post breast reconstruction surgical garments; post surgical garments with specifically designed release mechanisms for drains; post surgical and post treatment patient undergarments; all of the foregoing goods for medical purposes" in Class 10 ("Supplemental Registration"). A true and correct copy of the Certificate of Registration for the Supplemental Registration is attached as **Exhibit 6**. Curiously, BFFL did not plead the Supplemental Registration in its Complaint.

27. A trademark registered on the Supplemental Register denotes that the trademark is not a source identifier for the offerings; that it is not inherently distinctive. Given this, a registration on the Supplemental Register is not afforded the same protection as a registration on the Principal Register. 15 U.S.C. §§ 1091 & 1093-95.

28. Upon its initial review of BFFL's application for what would become the Principal Registration, the USPTO refused registration on the basis that the pink color is not inherently distinctive for the goods.

29. In its response to the refusal, BFFL submitted arguments and proffered evidence to try to demonstrate that the pink color had acquired distinctiveness in connection with its surgical bras. The evidence BFFL submitted to try to demonstrate acquired distinctiveness is hereinafter referred to as the "Alleged Acquired Distinctiveness Evidence."

30. The Alleged Acquired Distinctiveness Evidence purported to show the importance of the color pink to BFFL's brand identity, as well as BFFL's incorporation of the color pink in its social media accounts and marketing efforts.

31. On the contrary, the Alleged Acquired Distinctiveness Evidence is deficient for many reasons. For one thing, it is devoid of any persuasive figures, other than vague percentages, related to BFFL's advertising expenditures or revenue attributable to the surgical bras and specifically in the color pink (as compared to the other color offerings by BFFL).

32. The Alleged Acquired Distinctiveness Evidence also includes references to activities unrelated to BFFL's purported marketing efforts, such as holiday parties and purchasing mannequins.

33. In addition, the Alleged Acquired Distinctiveness Evidence is silent on any meaningful, unsolicited media coverage BFFL received for its surgical bras in the color pink.

34. Moreover, the survey evidence submitted to the USPTO as part of the Alleged Acquired Distinctiveness Evidence is fatally flawed for many reasons, including leading questions identifying BFFL as the manufacturer of the surgical bra and referring to the surgical bra by its product name, "Elizabeth Pink Surgical Bra" (emphasis added).

35. Despite the purported meaning and significance of the color pink to BFFL, BFFL's website and social media accounts demonstrate that the surgical bras, as well as BFFL's other products, are offered in colors other than pink, such as black and white.

36. Indeed, BFFL's website homepage prominently promotes non-pink surgical bra offerings. A true and correct copy of a screenshot showing BFFL's website homepage is below and printouts from the website are attached as **Exhibit 7**.




37. Further, BFFL's Instagram and Facebook accounts promoted the release of the "Elizabeth Pink Surgical Bra" in the color *black* at least as far back as August 2021 and have regularly promoted it thereafter. Attached hereto as **Exhibit 8** are true and correct copies of printouts of BFFL's Instagram and Facebook accounts showing the promotion of the "Elizabeth Pink Surgical Bra" in black. *See also* Exhibit 7.

38. Additionally, historical internet records show that the color pink was not consistently used when the website was first created, as seen in the screenshot below from April

2018. A true and correct copy of a screenshot of a historical internet record is shown below and attached as **Exhibit 9**.




39. For at least the reasons above and herein, BFFL's alleged color mark is generic and aesthetically functional and thus the Principal Registration and Supplemental Registration should be cancelled.

40. In the alternative, BFFL's purported mark has not acquired distinctiveness for its surgical bras and therefore the Principal Registration, which relied on a claim of acquired distinctiveness to register, should be cancelled for being at best non-distinctive.

**FIRST CLAIM FOR RELIEF**
**Cancellation of U.S. Trademark Registration No. 7726791 (Generic)**
**15 U.S.C. §§ 1064(3) & 1119**

41. Care+Wear repeats and realleges each and every allegation contained in Paragraphs 1 through 40 of the Counterclaims for Cancellation above, as if set forth herein in full.

42. The shade of pink in BFFL's alleged pink color mark in the Principal Registration, and similar shades as well, are so commonly used on surgical bras and related apparel that the primary significance of the color pink is not to identify a single source and, as a result, the color pink is generic for these goods.

43. A generic color cannot function as an indication of source and is thus ineligible for registration.

44. A registration may be cancelled at any time if the registered mark is generic. 15 U.S.C. § 1064(3).

45. In view of the foregoing, the alleged pink color mark in United States Trademark Registration No. 7726791 should be cancelled pursuant to 15 U.S.C. §§ 1064(3) and 1119 because it is generic.

46. By virtue of the foregoing, Care+Wear believes it is now and will be damaged by the continued presence of the Principal Registration on the Principal Register. If BFFL is permitted to maintain the Principal Registration and retain such rights as conferred under the Principal Register of the Lanham Act, BFFL will retain an unlawfully gained advantage to which BFFL is not entitled under the Lanham Act, to the detriment and harm of Care+Wear and the public.

**SECOND CLAIM FOR RELIEF**
**Cancellation of U.S. Trademark Registration No. 7726791 (Aesthetically Functional)**
**15 U.S.C. §§ 1064(3) & 1119**

47. Care+Wear repeats and realleges each and every allegation contained in Paragraphs 1 through 46 of the Counterclaims for Cancellation above, as if set forth herein in full.

48. Care+Wear asserts that BFFL's alleged pink color mark in the Principal Registration, described in the registration as "consist[ing] of the color pink as applied to the entire surface of the post-surgery medical bras," is functional, specifically, aesthetically functional.

49. BFFL selected the shade of pink in the alleged color mark in the Principal Registration because it is "pleasing to the eye and uplifting, looks good on most skin tones, and is associated with femininity (women have always been Masthead's target market)." *See* Exhibit 1.

50. Thus, because the color protected in the alleged mark in the Principal Registration is visually appealing, complements skin tones, and conveys that the offerings are women-focused, there is a competitive need for others in the surgical bra industry to use the protected color.

51. A registration may be cancelled at any time if it is functional. 15 U.S.C. § 1064(3).

52. In view of the foregoing, the color protected in the alleged color mark in the Principal Registration is aesthetically functional and ineligible for protection because its registration significantly undermines competitors' ability to compete in the relevant market.

53. Accordingly, the Principal Registration should be cancelled pursuant to 15 U.S.C. § 1064(3) because it is aesthetically functional.

54. By virtue of the foregoing, Care+Wear believes it is now and will be damaged by the continued presence of the Principal Registration on the Principal Register. If BFFL is permitted to maintain the Principal Registration and retain such rights as conferred under the Principal Register of the Lanham Act, BFFL will retain an unlawfully gained advantage to which BFFL is not entitled under the Lanham Act, to the detriment and harm of Care+Wear and the public.

**THIRD CLAIM FOR RELIEF**
**Cancellation of U.S. Trademark Registration No. 5224829 (Generic)**
**15 U.S.C. §§ 1064(3) & 1119**

55. Care+Wear repeats and realleges each and every allegation contained in Paragraphs 1 through 54 of the Counterclaims for Cancellation above, as if set forth herein in full.

56. The shade of pink in BFFL's alleged pink color mark in the Supplemental Registration, and similar shades as well, are so commonly used on surgical bras and related apparel

that the primary significance of the color pink is not to identify a single source and, as a result, the color pink is generic for these goods.

57. A generic color cannot function as an indication of source and is thus ineligible for registration.

58. A registration may be cancelled at any time if the registered mark is generic. 15 U.S.C. § 1064(3).

59. In view of the foregoing, the alleged pink color mark in United States Trademark Registration No. 5224829 should be cancelled pursuant to 15 U.S.C. §§ 1064(3) and 1119 because it is generic.

60. By virtue of the foregoing, Care+Wear believes it is now and will be damaged by the continued presence of the Supplemental Registration on the Supplemental Register. If BFFL is permitted to maintain the Supplemental Registration and retain such rights as conferred under the Supplemental Register of the Lanham Act, BFFL will retain an unlawfully gained advantage to which BFFL is not entitled under the Lanham Act, to the detriment and harm of Care+Wear and the public.

**FOURTH CLAIM FOR RELIEF**
**Cancellation of U.S. Trademark Registration No. 5224829 (Aesthetically Functional)**
**15 U.S.C. §§ 1064(3) & 1119**

61. Care+Wear repeats and realleges each and every allegation contained in Paragraphs 1 through 60 of the Counterclaims for Cancellation above, as if set forth herein in full.

62. Care+Wear asserts that BFFL's alleged pink color mark in the Supplemental Registration, described in the registration as "consist[ing] of the color pink as applied to the entire surface of surgical garments," is functional, specifically, aesthetically functional.

63. BFFL selected the shade of pink in the alleged color mark in the Supplemental Registration because, as it stated in connection with BFFL's prosecution of the Principal Registration, it is "pleasing to the eye and uplifting, looks good on most skin tones, and is associated with femininity (women have always been Masthead's target market)." *See* Exhibit 1.

64. BFFL claimed the Supplemental Registration as a prior registration when applying to register the Principal Registration.

65. Because the color protected in the alleged color mark in the Supplemental Registration is visually appealing, complements skin tones, and conveys that the offerings are women focused, there is a competitive need for others in the surgical bra industry to use the protected color.

66. A registration may be cancelled at any time if it is functional. 15 U.S.C. § 1064(3).

67. In view of the foregoing, the color protected in the alleged color mark in the Supplemental Registration is aesthetically functional and ineligible for protection because its registration significantly undermines competitors' ability to compete in the relevant market.

68. Accordingly, the Supplemental Registration should be cancelled pursuant to 15 U.S.C. § 1064(3) because it is aesthetically functional.

69. By virtue of the foregoing, Care+Wear believes it is now and will be damaged by the continued presence of the Supplemental Registration on the Supplemental Register. If BFFL is permitted to maintain the Supplemental Registration and retain such rights as conferred under the Supplemental Register of the Lanham Act, BFFL will retain an unlawfully gained advantage to which BFFL is not entitled under the Lanham Act, to the detriment and harm of Care+Wear and the public.

**FIFTH CLAIM FOR RELIEF**
**Cancellation of U.S. Trademark Registration No. 7726791 (Non-Distinctive)**
**15 U.S.C. §§ 1052, 1064, & 1119**

70. Care+Wear repeats and realleges each and every allegation contained in Paragraphs 1 through 69 of the Counterclaims for Cancellation above, as if set forth herein in full.

71. A color applied to a good is never inherently distinctive.

72. The burden of demonstrating that a color mark has acquired distinctiveness is substantial and therefore difficult to meet. BFFL has not met this burden for its alleged color mark.

73. BFFL's assertion that the alleged pink color mark in the Principal Registration has acquired distinctiveness and is source identifying for its surgical bras is undermined by BFFL's own use of colors other than pink for its product offerings, including surgical bras, as well as in its marketing materials and on its social media.

74. The extensive third-party use of the same or similar color pink as in the Principal Registration for surgical bras further undercuts BFFL's claim that the alleged color mark in the Principal Registration serves as a source identifier for its offerings.

75. In addition, the Alleged Acquired Distinctiveness Evidence fails to demonstrate that the alleged color mark in the Principal Registration has become source identifying because it does not include sufficient or persuasive information pertaining to BFFL's advertising expenditures, marketing efforts, unsolicited media coverage, or purported sales success.

76. Further, the purported survey evidence is fatally flawed given that it consists of improper, leading questions.

77. In view of the foregoing, the Alleged Acquired Distinctiveness Evidence does not demonstrate that the alleged pink color mark serves as a source identifier for surgical bras.

78. Accordingly, the Principal Registration should be cancelled pursuant to 15 U.S.C. §§ 1064(3) and 1119 because it is non-distinctive under 15 U.S.C. § 1052.

79. By virtue of the foregoing, Care+Wear believes it is now and will be damaged by the continued presence of the Principal Registration on the Principal Register. If BFFL is permitted to maintain the Principal Registration and retain such rights as conferred under the Principal Register of the Lanham Act, BFFL will retain an unlawfully gained advantage to which BFFL is not entitled under the Lanham Act, to the detriment and harm of Care+Wear and the public.

**SIXTH CLAIM FOR RELIEF**
**Cancellation of U.S. Trademark Registration No. 7726791 (Failure to Function)**
**15 U.S.C. §§ 1051, 1052, 1064, 1119, & 1127**

80. Care+Wear repeats and realleges each and every allegation contained in Paragraphs 1 through 79 of the Counterclaims for Cancellation above, as if set forth herein in full.

81. Care+Wear asserts that the alleged pink color mark in the Principal Registration fails to function as a trademark because consumers do not and will not perceive the color pink as a source identifier for surgical bras.

82. A registration may be cancelled at any time within five years from the date of the registration. 15 U.S.C. § 1064(1).

83. The Principal Registration issued on March 18, 2025.

84. In view of the foregoing, the alleged color mark in the Principal Registration should be cancelled pursuant to 15 U.S.C. §§ 1064 and 1119 because it fails to function as a mark pursuant to 15 U.S.C. §§ 1051, 1052, and 1127.

85. By virtue of the foregoing, Care+Wear believes it is now and will be damaged by the continued presence of the Principal Registration on the Principal Register. If BFFL is permitted to maintain the Principal Registration and retain such rights as conferred under the Principal

Register of the Lanham Act, BFFL will retain an unlawfully gained advantage to which BFFL is not entitled under the Lanham Act, to the detriment and harm of Care+Wear and the public.

**ALLEGATION OF HARM COMMON TO ALL CLAIMS FOR RELIEF**

86. Care+Wear repeats and realleges each and every allegation contained in Paragraphs 1 through 85 of the Counterclaims for Cancellation above, as if set forth herein in full.

87. Care+Wear has suffered, is suffering, and will continue to suffer irreparable harm and damage as a result of BFFL's wrongful conduct and the maintenance of the Principal Registration and Supplemental Registration. BFFL will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, all to the irreparable damage of the business and reputation of Care+Wear. Care+Wear's remedy at law is not adequate to compensate it for the injuries suffered and threatened.

**PRAYER FOR RELIEF**

WHEREFORE, Care+Wear respectfully prays the Court:

88. Enter a judgment against BFFL finding that the alleged pink color mark depicted in United States Trademark Registration Nos. 7726791 and 5224829 is generic, and that as a result, United States Trademark Registration Nos. 7726791 and 5224829 should be cancelled;

89. Enter a judgment against BFFL finding that the alleged pink color mark depicted in United States Trademark Registration Nos. 7726791 and 5224829 is aesthetically functional, and that as a result, United States Trademark Registration Nos. 7726791 and 5224829 should be cancelled;

90. Enter a judgment against BFFL finding that the alleged pink color mark depicted in United States Trademark Registration No. 7726791 has not acquired distinctiveness and is non-distinctive, and that as a result, United States Trademark Registration No. 7726791 should be cancelled;

91. Enter a judgment against BFFL finding that the alleged pink color mark depicted in United States Trademark Registration No. 7726791 fails to function as a trademark, and that as a result, United States Trademark Registration No. 7726791 should be cancelled;

92. Enter a judgment cancelling United States Trademark Registration Nos. 7726791 and 5224829 in their entirety and sustaining these Counterclaims in favor of Care+Wear;

93. Enter a judgment designating this action an exceptional case entitling Care+Wear to an award of its reasonable attorneys' fees incurred as a result of this action, pursuant to 15 U.S.C. § 1117;

94. Issue preliminary and permanent injunctive relief against BFFL, and that BFFL, its officers, agents, representatives, servants, employees, attorneys, successors and assigns, and all others in active concert or participation with BFFL, be enjoined and restrained from asserting purported intellectual property rights in the color pink for apparel, including surgical bras;

95. Order that the USPTO cancel United States Trademark Registration Nos. 7726791 and 5224829;

96. Order that BFFL never file for any trademark for the color pink for apparel, including surgical bras;

97. Order BFFL to pay Care+Wear the costs of this action and reasonable attorneys' fees incurred by Care+Wear in prosecuting this action pursuant to 15 U.S.C. § 1117(a);

98. Declare that BFFL's affirmative claims for federal trademark infringement, federal trade dress infringement, federal unfair competition, and common law unfair competition asserted in the Complaint are invalid or without merit and dismiss BFFL's Complaint in its entirety with prejudice; and

99. Award such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Care+Wear demands a trial by jury as to all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: September 24, 2025

**BUCHANAN INGERSOLL & ROONEY PC**

By: */s/ John M. Nading*

Argia J. DiMarco (NY Bar No. 5603618)
640 5th Avenue, 9th Floor
New York, New York 10019
Telephone: 212-440-4400
Facsimile: 212-440-4401
argia.dimarco@bipc.com

John M. Nading (DC Bar No. 981625, *pro hac vice*)
David M. Kramer (DC Bar No. 987061, *pro hac vice*)
1700 K Street, NW, Suite 300
Washington, DC 20006-3807
Telephone: 202-452-7900
Facsimile: 202-452-7989
john.nading@bipc.com
david.kramer@bipc.com

*Attorneys for Defendant & Counterclaimant CareandWear II, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I caused a true and correct copy of the foregoing Defendant's Answer to Complaint, Affirmative Defenses, and Counterclaims for Cancellation, along with accompanying exhibits, to be filed and served upon all counsel of record via the Court's CM/ECF electronic filing system.

Dated: September 24, 2025

*/s/ John M. Nading*
John M. Nading